IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

**EVRICK P. SPEIGHT**

**Petitioner,**

v.

**CRIMINAL ACTION NO. 2:17-cr-28**
**CIVIL ACTION NO. 2:18-cv-363**

**UNITED STATES OF AMERICA,**

**Respondent.**

## *MEMORANDUM OPINION AND ORDER*

Before the Court is Evrick Speight's ("Petitioner") pro se Motion to Vacate, Set Aside, or Correct a Sentence by a Person in Federal custody pursuant to Title 28, United States Code, Section 2255 ("§ 2255 Motion"). Having reviewed the motions and filings, the Court finds that a hearing is not necessary to address Petitioner's motion. For the reasons set forth below, Petitioner's § 2255 Motion is **DENIED**.

## I. FACTUAL AND PROCEDURAL HISTORY

For background, this case involved various firearm charges in connection to narcotics distribution and trafficking. *See* ECF No. 3; ECF No. 18 ¶ 1. On November 29, 2016, Evrick Speight possessed with intent to distribute approximately 27.85 grams of a rock-like substance later identified by the Virginia Department of Forensic Science as containing a detectible amount of cocaine. ECF No. 18 ¶¶ 1-2. Speight sold this mixture to confidential sources working in conjunction with federal and local law enforcement, while possessing with intent to sell a New Frontier Armory LLC 5.56 caliber rifle, Model LW-15. *Id.* at ¶ 3; ECF No. 36 at 3 (Speight claims that he "*only brought to the meets what was being sold.*").

1

A grand jury indicted Petitioner on February 22, 2017. *Id.* The indictment charged Speight with six counts of a felon in possession of a firearm, in violation of 18 U.S.C. § 922(g)(1); two counts of distributing cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(c); and one count of using, carrying, and possessing a firearm in relation to and in furtherance of a drug-trafficking crime, in violation of 18 U.S.C. § 924(c). *Id.* Petitioner was arrested and had his initial appearance before a Magistrate Judge on March 6, 2017. ECG No. 8. In the proceedings for an arraignment and detention hearing, Speight was formally arraigned, entered a plea of not guilty, did not waive a preliminary hearing, and demanded a trial by jury. ECF No. 13. As his counsel, Speight was appointed Shannon Hadeed, Esq. *Id.*

Petitioner subsequently pled guilty to Count Eight, Intent to Distribute a Mixture and Substance Containing a Detectable Amount of Cocaine in violation of 21 U.S.C. § 841(a)(1), (b)(1)(C), and Count Nine, Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). ECF No. 17. On April 5, 2017, the Court accepted the plea and found Speight guilty of Counts Eight and Nine. ECF No. 16. On July 10, 2017, the Court sentenced Speight to a total of 100 months imprisonment and five years' supervised release. ECF No. 30.

Petitioner did not file a Notice of Appeal pursuant to his original guilty plea, but acting *pro se*, Petitioner filed the instant § 2255 Petition and Memorandum on July 10, 2018. ECF Nos. 35-36. On July 12, 2018, the Government filed its Response. ECF No. 37.

In his § 2255 Petition, Speight raises two grounds of relief to vacate Count Nine, Possession of Firearms in Furtherance of a Drug Trafficking Crime in violation of 18 U.S.C. § 924(c)(1)(A). Mem. in Supp. of Mot. to Vacate 4, ECF No. 36. First, Speight alleges that Counsel was ineffective in failing to object to Count Nine, because his possession of "the firearm

did not further any drug sales," therefore not satisfying the "use of a firearm" element of the crime. *Id.* at 10. Second, Speight alleges that Counsel was ineffective in not informing him of the option of an open plea. *Id.* at 4, 16-17.

In response, the Government argues that the Petitioner failed to show that his counsel's representation fell below the objective standard of reasonableness for either issue, as articulated in *Strickland v. Washington*, 466 U.S. 668 (1984); therefore, his request for relief should be denied. Response 9-16, ECF No. 39.

## II. LEGAL STANDARDS

### A. Section 2255 Generally

When a petitioner in federal custody wishes to collaterally attack his sentence or conviction, the appropriate motion is a § 2255 motion. *United States v. Winestock*, 340 F.3d 200, 203 (4th Cir. 2003). A Petitioner may move the court to vacate, set aside, or correct his sentence, pursuant to 28 U.S.C. § 2255, in four instances: (1) the sentence was imposed in violation of the Constitution or laws of the United States; (2) the District Court lacked jurisdiction to impose the sentence; (3) the length of the sentence is in excess of the maximum authorized by law; and (4) the sentence is otherwise subject to collateral attack. *See* 28 U.S.C. § 2255. "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on direct appeal" that would yield "a complete miscarriage of justice." *Jones v. United States*, No. 4:09CV76, 2010 WL 451320, at *4 (E.D. Va. Feb. 8, 2010) (quoting *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992)).

In a proceeding to vacate a judgment of conviction, the petitioner bears the burden of proving his or her claim by a preponderance of the evidence. *Miller v. United States*, 261 F.2d 546, 547 (4th Cir. 1958). Additionally, *pro se* filers are entitled to more liberal construction of

their pleadings. *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978), *cert. denied*, 439 U.S. 970 (1978). When deciding a § 2255 motion, the Court must promptly grant a hearing "unless the motion and the files and records of the case conclusively show that the prisoner is entitled to no relief." 28 U.S.C. § 2255(b). Whether a hearing is mandatory for a § 2255 Motion and whether petitioner's presence is required at the hearing is within the district court's sound discretion and is reviewed for abuse of discretion. *Raines v. United States*, 423 F.2d 526, 529 (4th Cir. 1970) (citing *Machibroda v. United States*, 368 U.S. 487 (1962)). Motions under § 2255 "will not be allowed to do service for an appeal." *Sunal v. Large*, 332 U.S. 174, 178 (1947). Ineffective assistance of counsel claims should generally be raised in a collateral motion instead of on direct appeal. *United States v. Richardson*, 195 F.3d 192, 198 (4th Cir. 1999).

**B. Ineffective Assistance of Counsel**

As a general matter, a petitioner must satisfy two factors to establish ineffective assistance of counsel: "(1) that [counsel]'s performance fell below an objective standard of reasonableness, and (2) that [petitioner] was prejudiced by the deficiency because it created a reasonable probability that but for counsel's errors, the result of the proceeding would have been different." *United States v. Hoyle*, 33 F.3d 415, 418 (4th Cir. 1994) (citing *Smith v. Smith*, 931 F.2d 242, 244 (4th Cir. 1991)); *see also Strickland v. Washington*, 466 U.S. 668, 693 (1984). "A reasonable probability is one that is sufficient to undermine confidence in the outcome." *Hoyle*, 33 F.3d at 418.

Whether before, during, or after trial, when the Sixth Amendment applies, the formulation of the standard is the same: reasonable competence in representing the accused. *Strickland*, 466 U.S. at 688-89. In applying and defining this standard, substantial deference must be accorded to counsel's judgment. *Id.* at 689. If Petitioner makes an insufficient showing

4

on one prong, there is no reason for a court deciding an ineffective assistance claim to address both components of the inquiry. *Id.* at 697. The Court is not required to begin with an analysis of the first prong of *Strickland* because "a court need not approach the inquiry in the same order," and "need not determine whether counsel's performance was deficient before examining the prejudice suffered by the defendant as a result of the alleged deficiencies." *Id.*

To demonstrate deficient representation, Petitioner must prove "that counsel's representation fell below an objective standard of reasonableness," and that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. The Supreme Court defined a reasonable probability as "a probability sufficient to undermine confidence in the outcome." *Id.* Petitioner must also overcome a strong presumption that counsel's performance falls within the wide range of reasonable professional assistance under the circumstances. *Id.* at 689. However, if a defendant challenges a conviction entered after a guilty plea, under the prejudice prong of the test a defendant "must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." *Hooper v. Garraghty*, 845 F.2d 471, 475 (4th Cir. 1988) (citing *Hill v. Lockhart*, 474 U.S. 52, 59 (1985)); *see United States v. Dyess*, 478 F.3d 224, 237 (4th Cir. 2007). When evaluating a post-guilty plea claim of ineffective assistance, statements previously made, under oath, affirming satisfaction with counsel are binding on the defendant absent "clear and convincing evidence to the contrary." *Fields v. Atty. Gen. of Md.*, 956 F.2d 1290, 1299 (citing *Blackledge v. Allison*, 431 U.S. 63, 74-75 (1977)) (stating that entering a plea provides evidence that a plea was entered into voluntarily and intelligently). The particular advice (or failure to advise) challenged must, however, remain

tested under the deferential reasonableness standard applied in *Strickland. E.g., Lafler v. Cooper*, 132 S. Ct. 1376, 1384 (2012).

### III. DISCUSSION

Petitioner claims that he was denied his Sixth Amendment right to effective assistance of counsel because Counsel was ineffective when she (1) failed to object to Count Nine in that she did not argue that his possession of "the firearm did not further any drug sales," and (2) failed to inform him of the option of an open plea. Mem. in Supp. of Mot. to Vacate at 4, 10, 16-17, ECF No. 36. Having thoroughly reviewed the motions, filings, and records for this case, the Court finds that a hearing is not necessary and will address each of Petitioner's argument in turn.

#### A. Ineffective Assistance of Counsel at the Trial Phase

Petitioner argues that Counsel's assistance was ineffective during the plea phase of this matter because Counsel failed to object to Count Nine, in the assertion that "his sales of firearms and drugs at the same time . . . did not constitute 'use' as intended by statute § 924(c)(a)(A)." Mem. in Supp. of Mot. to Vacate at 2, 4, ECF No. 36. "Section 924(c) mandates that a court increase by five years the sentence of a drug offender 'who during and in relation to any crime of violence or drug trafficking crime . . . uses or carries a firearm, or who, in furtherance of any such crime, possesses a firearm." *United States v. King*, 628 F.3d 693, 699 (4th Cir. 2011) (citing 18 U.S.C. § 924(c)(1)(A)). Furthermore, "[t]he statute thus penalizes two separate types of conduct: (1) the use or carrying of a firearm during and in relation to the commission of a drug trafficking crime; or (2) the possession of a firearm in furtherance of such a crime." *Id.* Petitioner contends that because his sale of firearms was concurrent to the sale of narcotics, he was not 'using' the weapon in furtherance of the sale of narcotics to satisfy the elements of Section 924(c). Mem. in Supp. of Mot. to Vacate at 10, ECF No. 36.

6

In his analysis, Petitioner cites to three cases. *See id.* at 9-16 (citing *Watson v. United States*, 552 U.S. 74 (2007); *Bailey v. United States*, 516 U.S. 137 (1995); *United States v. Elswick*, 306 F. App'x 8 (4th Cir. 2008)). Petitioner paraphrases *Watson v. United States*, in his own words stating that the holding of Watson is that "one who receives a firearm in trade for drugs *does not* 'use' the firearm under § 924(c)(1)(A)." Mem. in Supp. of Mot. to Vacate at 11-12, ECF No. 36. Petitioner then paraphrases *United States v. Elswick*, maintaining that the holding is that "the firearm *must* play some role in the drug transaction, or have a discernable effect on its outcome." *Id.* at 13-14. Therefore, based on these two cases, the Petitioner argues that his selling of firearms was "independent" to the sale of narcotics, he was not "using" those firearms in the sale of the narcotics, and therefore the crucial element of possessing a firearm in furtherance of any such crime is not met. *Id.* at 14.

The Court has reviewed the Petitioner's argument and finds that the Petitioner fails to prove ineffective assistance of counsel at trial because the Petitioner first improperly read *Watson*. Here, Petitioner maintained an incorrect interpretation of the requirements of 18 U.S.C. § 924(c), where *Watson* merely held that the person *buying* a firearm does constitute "use" under Section 924(c), with no holding specifically for the seller's use of that firearm. In *Watson*, the issue the Court sought to solve was "whether a person 'uses' a firearm within the meaning of 18 U.S.C. § 924(c)(1)(A) when he trades narcotics to obtain a gun," holding only "that a person does not 'use' a firearm under § 924(c)(1)(A) when he receives it in trade for drugs." *Watson*, 552 U.S. at 78, 83. There is no specific holding that a seller does not "use" the firearm; therefore, Petitioner's use of *Watson* is inapplicable to his specific situation.

Second, *United States v. Lipford* establishes that when a defendant simultaneously sells a firearm and drugs, the defendant does "use" the firearm, applicable to satisfy Section 924(c).

7

*United States v. Lipford*, 203 F.3d 259, 267 (4th Cir. 2000)). Similar to the case at bar, the defendant in *Lipford* too sold narcotics before selling a firearm to the informant. *Id.* at 264. Ultimately, *Lipford* does maintain that the "use" of a firearm under Section 924(c) does indeed extend to instances where there is a concurrent sale of narcotics and firearms to a buyer. *Id.* at 267 ("Where that other illegal good is a firearm, that gun's involvement in the drug transaction is not 'spontaneous' or 'coincidental;' on the contrary, *the firearm facilitates the drug transaction*, making it possible for the drug buyer to get the drug seller to take the risks inherent in selling contraband.") (emphasis added). Counsel made no error by excluding Speight's argument because Speight's argument was erroneous; therefore, Petitioner's claim that Counsel's representation fell below an objective standard of reasonableness in accordance to *Strickland* is unavailing.

### B. Ineffective Assistance of Counsel at the Guilty Plea Phase

Petitioner's second ineffective assistance of counsel claim is that he was prejudiced by Counsel's errors during the guilty plea phase of his case because of the issue discussed in the previous section. Petitioner claims that Counsel "could easily have foreseen . . . that he would need appellate review" and therefore should have "advised him to enter an 'open plea.'" Mem. in Supp. of Mot. to Vacate at 16-17, ECF No. 36. Petitioner further contends that by not telling him of the logistics of the open plea, his Counsel's actions were objectionably unreasonable. *Id.* at 17.

The Court finds that Petitioner cannot satisfy the *Strickland* standard because Petitioner cannot show that Counsel's representation fell below an objective standard of reasonableness. First, when petitioners later challenge a guilty plea under Section 2255, on the basis of ineffective assistance of counsel of a plea that was entered into voluntarily, the United States

8

Court of Appeals for the Fourth Circuit has held that "allegations in a § 2255 motion that directly contradict the petitioner's sworn statements made during a properly conducted Rule 11 colloquy are always 'palpably incredible' and 'patently frivolous or false.'" *United States v. Lemaster*, 403 F.3d 216, 222 (4th Cir. 2005). During the Petitioner's guilty plea hearing on April 5, 2017, the Court confirmed that Petitioner voluntarily and freely entered into the plea agreement and that he waived his trial rights. Guilty Plea Hr'g Tr. at 1, ECF No. 16. Furthermore, Speight affirmed that he was satisfied with service of counsel. *Id.* Speight further had voluntarily signed the plea deal to which specifically states, "I have read this plea agreement and carefully reviewed every part of it with my attorney. I understand this agreement and voluntarily agree to it." Plea Deal Agreement at 13, ECF No. 17. Furthermore, the record from sentencing clearly shows that when the Court asked, Petitioner stated that he was satisfied with the advice and counsel he received. Sentencing Tr. at 2, ECF No. 34. Petitioner also affirms on the record that he "had the opportunity to speak to [counsel] regarding this hearing." *Id.* When evaluating a post-guilty plea claim of ineffective assistance, statements previously made, under oath, affirming satisfaction with counsel are binding on the defendant absent "clear and convincing evidence to the contrary." *Fields*, 956 F.2d at 1299 (citing *Blackledge*, 431 U.S. at 74-75 (1977)) (stating that entering a plea provides evidence that a plea was entered into voluntarily and intelligently). Therefore, because the Petitioner voluntarily and freely entered into the plea agreement, "any misinformation [the defendant] may have received from his attorney was corrected by the trial court at the Rule 11 hearing, and thus [the defendant] was not prejudiced." *United States v. Foster*, 68 F.3d 86, 88 (4th Cir. 1995).

Second, the Petitioner's guilty plea was reasonable because "the record evidence shows that the government had no intention of agreeing to a conditional plea. During the plea hearing,

9

the government made clear that the plea offer, which did not include the opportunity to enter into a conditional plea, was the 'best' offer it was willing to extend." Response at 14, ECF No. 39 (citing Guilty Plea Hr'g Tr. at 4). Furthermore, because a conditional plea is wholly contingent upon both the government's consent and the court's approval, evidence that the Government would not allow an open plea thoroughly settles the matter. *Id.* (citing *United States v. Bundy*, 392 F.3d 641, 645 (4th Cir. 2004) ("The Government must affirmatively agree to the plea, and the district court must exercise its own judgment in approving it."). Therefore, Counsel's performance did not fall below an objective standard of reasonableness because there seemed no reasonable probability that the Government was going to offer or accept a conditional plea. *Id.*

Finally, there remains no evidence that the Government would have actually offered an open plea deal. Therefore, Petitioner's claim is void because there must be evidence the Government would have offered such a plea. *See Francis v. United States*, No. RWT-09-012, 2015 U.S. Dist. LEXIS 140855, at *12 (D. Md. Oct. 16, 2015) ("[Not discussing a conditional plea] cannot be grounds for ineffectiveness, because there is no evidence indicating that such a plea was ever offered by the government."); *Mackins v. United States*, No. 3:04-CV-261-1-T, 2009 U.S. Dist. LEXIS 46300, at *16 (W.D.N.C. June 1, 2009) ("Because Petitioner cannot establish that a conditional plea was ever offered or would have been offered, he has failed to carry his burden and his claim of ineffective assistance of counsel on this basis is dismissed."). *See also United States v. Carvajal-Mora*, No. 09-CV-0564-CVE-FHM, 2009 U.S. Dist. LEXIS 118523, at *17 (N.D. Okla. Dec. 21, 2009) ("Conditional pleas are not commonly offered by most prosecutors, and a defendant asserting an ineffective assistance of counsel claim must show that a conditional plea was offered or would likely have been offered if the government's consent to a conditional plea was sought."). Therefore, because the Petitioner has failed to provide evidence that the Government would have offered a conditional plea, there is no reasonable

probability that "but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694.

Thus, Petitioner does not have a claim for ineffective assistance of counsel based on Counsel's performance at the guilty plea phase.

## IV. CONCLUSION

For the reasons set forth above, the Court finds that it is clear from the pleadings and record that Petitioner is not entitled to relief. Accordingly, Petitioner's Motion to Vacate, Set Aside, or Correct his Sentence pursuant to 28 U.S.C. § 2255 is **DENIED**.

Pursuant to Federal Rule of Appellate Procedure 22(b)(1), this Court may issue a certificate of appealability only if the applicant has made a substantial showing of the denial of a constitutional right. Petitioner has not set forth a specific issue that demonstrates a substantial showing of a denial of a constitutional right. Because Petitioner fails to demonstrate a substantial showing of a denial of a constitutional right, a Certificate of Appealability is **DENIED**. The Court **DIRECTS** the Clerk to provide a copy of this Order to Counsel.

**IT IS SO ORDERED.**

Norfolk, Virginia
October 30, 2018

Raymond A. Jackson
United States District Judge